

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 3 0 2000

Robert M. March
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRANSAMERICA SMALL
BUSINESS CAPITAL, INC.,

    Appellant,

v.

Civ. No. 00-1362 MV/RLP
Bankr. No. 11-99-15376SA
Adversary No. 00-01033S

DBCS Corporation, *et al.*,

    Appellees.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

    1.    Appellant Transamerica Small Business Capital, Inc. ("Transamerica") has filed a Motion for Leave to Appeal an Interlocutory Judgment, Order or Decree ("Motion") [Doc. 3] pursuant to Fed.R.Bankr.P. 8003. The Information Letter [Doc. 2] sent by the United States Bankruptcy Court for the District of New Mexico indicates that no answer was filed in response.

    2.    Transamerica wishes to appeal the bankruptcy court's denial of its motion for partial summary judgment. The basis of that motion was to seek a determination of the parties' lien position. The bankruptcy court found that there were material factual disputes concerning the date construction started, which would necessarily impact the lien priority status, and therefore denied Transamerica's motion. *See* Exhibit to Motion.

---

[1] Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition ("Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the Proposed Findings in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.



3. In brief, Transamerica's Motion requests leave to appeal two questions: whether, as a matter of law, the placement of surveying stakes constitutes the commencement of construction for purposes of establishing the priority date under New Mexico statutory law; and whether the issue of interpreting the applicable New Mexico statutes should be certified to the New Mexico State Supreme Court. Transamerica concedes that the case no doubt will be appealed regardless of the trial's outcome, but argues that determination of the foregoing issues might resolve some of the parties' claims.

4. "[A]n interlocutory appeal is appropriate when the appealed order involves a controlling question of law for which there is substantial ground for difference of opinion, and the immediate resolution of the issue will advance the ultimate termination of the litigation. . . . However, leave should be granted with discrimination and reserved for cases of exceptional circumstances." *In re Fox*, 241 B.R. 224, 232 (B.A.P. 10th Cir. 1999) (citations and internal quotation marks omitted).

5. The problem with Transamerica's position is that the bankruptcy court denied summary judgment based on conflicting factual evidence. An appeal is not the proper forum to resolve a factual dispute. *Id.* at 232. It may well be that Transamerica meant to argue that by finding a factual dispute the bankruptcy court necessarily interpreted the statutes in a particular way, but that is not clear from either Transamerica's Motion or the bankruptcy court's Memorandum Opinion.

6. Additionally, Transamerica has not presented this court with any of the "exceptional circumstances" necessary for such an appeal.

## RECOMMENDED DISPOSITION

I recommend that the Motion for Leave to Appeal an Interlocutory Judgment, Order or Decree be denied and this matter be dismissed.

*[signature]*

Richard L. Puglisi
United States Magistrate Judge